HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDGAR HANSON,

        Plaintiff,

v.

US BANK, NA, et al.,

        Defendants.

No. CV11-5287-RBL

ORDER DENYING MOTIONS FOR TRO AND PRELIMINARY INJUNCTIONS
[Dkt. #s 10, 15, and 17]

This matter is before the court on a series of Motions for Temporary Restraining Orders and Preliminary Injunctions filed by Plaintiff Edgar Hanson [Dkt. #s 10, 15, and 17]. Plaintiff appears to seek to enjoin the Defendants from pursuing foreclosure on his property. It is not clear that any of the Defendants have been served[1].

Plaintiff claims to be the "party of record with exclusive possessory rights to Property commonly known as 13516 NE 82nd Circle, Vancouver, WA, 98682. He acknowledges that two Deeds of Trust encumber the Property, Clark County AFNs 4282300 and 4282301. Plaintiff seeks to restrain and enjoin the apparently impending foreclosure of those properties by Defendant Northwest Trustees Services on behalf of some or all of the Defendants.

Plaintiff's various Complaints, Motions, and supporting affidavits contain the following conclusory contentions:

---

[1] Plaintiff's "Certificate of Service" demonstrates only that the materials were mailed to each defendant. There is some indication that Defendant MERS was subsequently personally served [Dkt. #8]. In any event there have been appearances filed on behalf of a subset of the Defendants, though none has opposed the Plaintiff's Motions.

ORDER - 1

- Plaintiff denies that he has defaulted on the subject loan
- Plaintiff denies default has been proven
- Plaintiff denies that default can be proven
- Plaintiff denies the authenticity of the purported Note
- Plaintiff denies that he signed the purported Note
- Defendants have produces no valid enforceable perfected security interest in the Property. [See, e.g., Dkt. #s 10, 11,12;, 15]

In his later filings [Dkt. #17], plaintiff makes general and unclear allegations about the tax consequences of Defendants' "claim upon his estate." He alleges impropriety (or perhaps simply negligence) in the manner and effectiveness of the "endorsements" of his Note to "BAFC 2007-3" or US Bank N.A. He acknowledges that he has received a copy of the Note, but disputes that it is a "note" or that it is "negotiable" because it has a maturity date of longer than nine months.

Plaintiff alleges that BAFC 2007-3 is a Pooling and servicing Agreement" for the purpose of claiming tax benefits of REMIC status under 26 USC §856, and he seeks to raise questions about the legality of various elections made by BAFC 2007-3 under the tax code, suggest the defendants are trying to evade taxes, and claiming that the alleged transfer of his note is "highly improbable" based on the timeline. He also claims that "required bonds" have not been posted. Finally, he claims that MERS is not a proper beneficiary under Washington law.

Plaintiff has also filed an "affidavit of hardship" describing the very real monetary, emotional and mental issues he and his family would face in the event of foreclosure. He claims that the threatened harm to the Plaintiff outweighs any harm to the defendants in enjoining the foreclosure sale.

**Discussion.**

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir.

ORDER - 2

2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008).

Traditionally, injunctive relief was also appropriate under an alternative "sliding scale" test. *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008). However, the Ninth Circuit overruled this standard in keeping with the Supreme Court's decision in *Winter*. *American Trucking Ass'ns Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable").

Even if the Court assumes, without deciding, that Plaintiff Hansen can establish that the elements of irreparable harm and public interest weigh in his favor, the Court must still be satisfied that Hansen has established that the balance of equities tips in his favor and that he is likely to succeed on the merits.

With respect to the balance of equities, it appears from plaintiffs' flings that he has not paid on his mortgage since 2009. He seeks to raise a variety of technical defenses to the machinations of the mortgage industry ("show me the note"); the tax consequences to the Defendants in foreclosing on his estate; and the legality and timing of the various transfers of the lender's security interest in his home. Plaintiff does not even attempt to address whether he did or did not borrow money to purchase his home, or whether he paid his obligations under the terms of the Note he now disputes. He states only that he disputes the default, without describing, much less demonstrating, how he is not in default. He claims the purchase proceeds were not a loan, but acknowledges that his lender "forwarded purchase monies and represented them as a loan." [Dkt. #1 at 7] The hardship his family will undoubtedly endure is a factor in favor of an injunction. But neither it nor the suggested technical imperfections in the foreclosure process count as equities on the Plaintiff's side of the ledger. The balance of equities weighs in favor of Defendants.

Turning to the likelihood of success on the merits of the Plaintiff's claims, Plaintiff has not made any, much less an adequate showing, on the merits of his claims. Indeed it is unclear from the complaints and the motions exactly what claims he is trying to assert. In his motion(s) he argues that the trustee's sale is due to an "alleged default of an alleged loan obligation," and that he "disputes" the loan and the default. Notwithstanding such "dispute," Plaintiff does admit that the purchase money for his home was "forwarded" by the defendant lender.

Because the Plaintiff is proceeding *pro se*, the Court extends some latitude to his pleadings. The Court nevertheless finds that the bulk of Plaintiff's arguments appear to rest on the assertion that Defendants are not the original creditors and therefore lack standing to foreclose on the mortgage at issue. However, as this Court has concluded previously, courts "have routinely held that [a defendants'] so-called 'show me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276 (W.D. Wash. 2010) (quoting *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting cases)).[1]

Further, whether or not the Plaintiff's complaint presents a question regarding MERS' beneficiary status is irrelevant to whether or not he can obtain a TRO or preliminary injunction. In short, Plaintiff has failed to provide sufficient argument or competent evidence to establish that he is likely to prevail on this issue.

The Plaintiff has not met his burden to obtain a TRO or preliminary injunction. All Motions for such relief are therefore DENIED. The remaining Motions on the court's Docket will be addressed in a subsequent Order.

**IT IS SO ORDERED.**

Dated this 1st day of August, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 4