HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDGAR HANSON,

Plaintiff,

v.

US BANK, NA, et al.,

Defendants.

No. CV11-5287-RBL

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND
[Dkt. #s 19, 20, and 24]

This matter is before the Court on the following Motions: Defendants US Banks' and MERS' Motion to Dismiss [Dkt. #19], Northwest Trustee Services' Motion to Dismiss [Dkt. #20], and Plaintiff Hanson's Motion to Amend (again) his Complaint [Dkt. #24], which appears to be in Response to the Defendants' Motions.

The factual context of the case was outlined in the court's Order Denying Plaintiff's Motions for a TRO and a Preliminary Injunction [Dkt. #32]. The Court denied the Plaintiff's Motions for injunctive relief in part because he did not and could not demonstrate any likelihood of success on the merits of his claims. Plaintiff's claims arise out of the foreclosure of the property he pledged as security for a loan he admits taking and not paying. The facts surrounding the foreclosure and the Plaintiff's claims are unremarkable.

In addition to seeking injunctive relief, Plaintiff's First Amended Complaint asserts a Declaratory Judgment claim, seeking a declaration that he owns the Property and that defendants have no interest in it.

The Defendants seek dismissal of Plaintiff's claims under Rule 12(b)(6). Plaintiff now seeks to amend[1] his complaint to allege additional claims. [Dkt. # 24] Defendants oppose amendments, arguing that the proposed claims are futile. For the reasons below, the Motion to Dismiss is GRANTED and the Motion to Amend is DENIED. The case is closed.

**Discussion.**

**A. Defendants' Motions to Dismiss are Granted.**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*).

Because the Plaintiff is proceeding *pro se*, the Court extends some latitude to his pleadings. The Court nevertheless finds that the bulk of Plaintiff's arguments appear to rest on the assertion that Defendants are not the original creditors and therefore lack standing to foreclose on the mortgage at issue. However, as this Court has concluded previously, courts

[1] It appears that Plaintiff seeks to assert claims he initially asserted in his original Complaint [Dkt. #1], but left out of his currently-operative First Amended Complaint [Dkt. #5].

"have routinely held that [a defendants'] so-called 'show me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276 (W.D. Wash. 2010) (quoting *Diessner v. Mortgage Electronic Registration Systems*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009) (collecting cases)).

Plaintiff has not stated a claim upon which relief may be granted in his current Complaint. Plaintiff's existing claims are familiar ones about MERS' right to assign his deed of trust and the overall impropriety of the timing of the assignment of the deed of trust *vis-a-vis* the transfer of the loan. Both of these claims have been repeatedly and correctly rejected. *See*, for example, *Vawter v. Quality Loan Serv. Corp*., 707 F. Supp.2d 1115 (W.D. Wa. 2010); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011).

Plaintiff also asserts unidentified claims based on his allegation that MERS and US Bank have entered into Consent Decrees with the Comptroller of Currency. There is no legal or logical authority for the proposition that these documents are the basis for a private right of action by an in default debtor such as Mr. Hanson, and he has not identified any claim based on them. These claims are dismissed.

Plaintiff Hanson also appears to claim that the fact Defendants were previously denied relief from stay during his bankruptcy is res judicata on the issue of the right to enforce the Deed of Trust. As Defendants argue, such an order is not a final judgment on the merits and is not entitled to res judicata effect.

Plaintiff's operative First Amended complaint fails to allege any plausible claims against any of the defendants. All of the existing claims are dismissed, with prejudice.

**B. Plaintiff's Motion to Amend is Denied.**

Plaintiff Hanson seeks to amend his complaint a second time, apparently in an effort to avoid dismissal. Leave to amend shall be freely given when justice so requires. FED. R. CIV. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could

not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195-196 (9th Cir. 1988).

Defendants oppose amendment, arguing that it would be futile as none of the proposed new claims could survive a motion to Dismiss. Rule 15(a) is liberally construed and courts will grant leave to amend unless doing so would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 886 F.2d 1149, 1160 (9th Cir. 1989).

Plaintiff's proposed Second Amended Complaint [Dkt. #24] asserts the same general facts as his operative complaint, and lists a host of 'claims" he seeks to assert. Each claim apparently seeks the same relief as does Plaintiff's current complaint: Hanson asks the court to permanently enjoin the foreclosure, award him damages, and determine that MERS was not a proper beneficiary.

The claims asserted are described as follows: disparity; breach of contract – unanswered QWR; equitable estoppel – invalid debt; erroneous credit reporting; foreclosure on incorrect note; forfeiture on foreclosure; recoupment and setoff; False claim – failed endorsement; erroneous alleged default; material violations - Washington Deed of Trust Act; Slander of Title – notice of trustee's sale; and Declaratory relief regarding MERS's status as a beneficiary.

Defendants oppose the Amendment. They point out that Hanson admits he took out a loan, and signed the Deed of Trust. He denies being in default, but has not and apparently cannot allege that he has made the required payments on the Note. Defendants argue that none of Hanson's proposed claims are viable.

Hanson's "disparity" claim is a variation on the "show me the note" argument that has been consistently rejected, and has already been rejected in this case. This claim is not viable as a matter of law, and permitting amendment to assert it would be futile.

Hanson's RESPA/breach of contract claim is not viable because neither MERS nor US Bank was the loan servicer, and Plaintiff has not even alleged that he sent anyone a Qualified

Written Request, or that any entity failed to respond to it. This claim is not viable as a matter of law, and permitting amendment to assert it would be futile.

Defendants correctly conclude that Hanson's equitable estoppel – invalid debt claim is really a FCRA claim for falsely reporting that he was in default on his loan. There is no authority for the proposition that Hanson's dubious denial of the debt and the validity of the note and deed of trust required any defendant to not report his default. This claim is not viable as a matter of law, and permitting amendment to assert it would be futile.

Defendants oppose Plaintiff's proposed claims regarding the negotiability of the Note as futile. Plaintiff's claims are based on his position that the Note was "private" and "unregistered." This position is entirely without merit. Plaintiff's proposed foreclosure on incorrect note, recoupment and setoff, failed endorsement and erroneous alleged default claims are not viable as a matter of law, and permitting amendment to assert them would be futile.

Hanson's "forfeiture on foreclosure" claim is based on his allegation that foreclosure would have adverse tax consequences for some defendants. Even if this were true (and it is not) it would not affect Hanson's debt or the Deed of Trust. This claim is not viable as a matter of law, and permitting amendment to assert it would be futile.

Hanson's proposed material violations - Washington Deed of Trust Act claim is based on the timing of the appointment of Northwest Trustee Services, a claim previously rejected. This claim is not viable as a matter of law, and permitting amendment to assert it would be futile.

Hanson's slander of title claim is based on his contention that the Notice of Trustee's sale was unlawful and apparently that it adversely impacted his title. This claim requires, among other things, interference with a pending sale of the property. Hanson has made no such allegation. This claim is not viable as a matter of law, and permitting amendment to assert it would be futile.

Finally, Hanson's claim for declaratory relief is not viable, as MERS's role in the sale is not something that Plaintiff Hanson can assert claims about in this Court. *See Vawter, supra.* This claim is not viable as a matter of law, and permitting amendment to assert it would be futile.

Defendants' Motions to Dismiss are GRANTED, and Plaintiff's motion to amend is DENIED. All of plaintiff's claims are DISMISSED WITH PREJUDICE, and any other pending Motions are DENIED as moot.

**IT IS SO ORDERED.**

Dated this 22nd day of November, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE